

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. PD-0060-24**

**STATE OF TEXAS**

**v.**

**IQBAL JIVANI, Appellee**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE DALLAS COURT OF APPEALS
DALLAS COUNTY**

*Per curiam.*

**O P I N I O N**

Appellee was charged by complaint in the City of Dallas Municipal Court with

violating § 31-27 of the Dallas Code ("Manifesting the Purpose of Engaging in

Prostitution"). DALLAS, TEX., CODE § 31-27. Appellee filed a motion to quash, arguing that

§ 31-27 was unconstitutional and void for vagueness and overbreadth. The municipal court

granted her motion and entered an order dismissing the case. The State appealed to the county criminal court of appeals, an intermediate court of appeals. It affirmed the municipal court's quashing of the complaint. The State then appealed to the Dallas Court of Appeals. It dismissed the State's appeal for want of jurisdiction. *State v. Jivani*, No. 05-23-00839-CR, ___ S.W.3d ___ (Tex. App.—Dallas December 28, 2023). The State has now filed a petition for discretionary review challenging the Dallas Court of Appeals' dismissal of its appeal.

We recently handed down our opinion in *State v. Villa*, No. PD-0756-23, ___ S.W.3d ___ (Tex. Crim. App. November 13, 2024), in which we held that the State's appeal of a judgment from an intermediate court of appeals is governed by Article 44.01 of the Code of Criminal Procedure. We grant the State's petition for discretionary review, vacate the judgment of the court of appeals, and remand the case for reconsideration in light of this Court's decision in *Villa*.

DATE DELIVERED: JANUARY 22, 2025

DO NOT PUBLISH